IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PAUL GRATTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:19-cv-00267 |
| ) | |
| DONALD Q. COCHRAN and ) | Judge Trauger |
| JOHN BENJAMIN SCHRADER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Paul Gratton, an inmate of the Big Sandy U.S. Penitentiary in Inez, Kentucky, Tennessee, filed this pro se action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et. seq.*, against United States Attorney Donald Q. Cochran and United States Assistant Attorney John Benjamin Schrader. (Doc. No. 1). The plaintiff paid the filing fee. (Doc. No. 3).

### I.  Background

The plaintiff was tried and convicted by a jury on five felony counts arising from his shipping or transporting six unregistered silencers to himself from the United Kingdom. *See United States v. Gratton*, Case No. 3:16-cr-00043-1 (M.D. Tenn.). He appealed his convictions to the Sixth Circuit Court of Appeals. *See United States v. Gratton*, Case No. 17-6547 (6th Cir.). His primary argument on appeal was that, during his trial, the prosecutor engaged in misconduct by using hand signals to coach a witness, Ben Boerner, during Gratton's cross-examination. Gratton also claimed that individuals in the hallway outside the courtroom sent text messages to the prosecution team during the trial. *See* Case No. 3:18-cv-00554, Doc. No. 11, Attach. 1 at 3.

1

Similarly, Gratton alleges here that "Defendant Schrader and other unknown members of the prosecution team committed a series of felonies to insure the conviction of Plaintiff in case no. 3:16-cr-00043-1, U.S. v. Paul Gratton." (Doc. No. 1 at 2). More specifically, the complaint alleges that, at his trial, Defendant Schrader was sending "'hand signals' as cues to witness Ben Boerner when the latter was being cross-examined by Plaintiff, prompting Boerner to answer that he 'could not recall', 'did not remember' or 'wasn't sure', or that 'it had been a long time ago." (*Id*.) The complaint further alleges that United States Attorney Cochran has ignored his oath of office, as well as the plaintiff's various letters asking Mr. Cochran to open a grand jury investigation into alleged witness tampering by the prosecution team. (*Id*.) As a result, the plaintiff asks the court to appoint a Special Master "to oversee and investigate the Office of the United States Attorney in the Middle District of Tennessee," to permit the plaintiff discovery to determine "[i]n how many other cases has Defendant Schrader engaged in witness tampering," and such other relief as the court deems just, equitable, and proper. (*Id*. at 5).

On appeal of the plaintiff's judgment of conviction for firearm offenses, the Sixth Circuit affirmed, finding as follows with regard to the plaintiff's prosecutorial misconduct claim:

> Gratton argues that the prosecutor engaged in misconduct by using hand signals to coach a witness, Ben Boerner, during Gratton's cross-examination. Gratton also claims that individuals in the hallway outside the courtroom sent text messages to the prosecution team during the trial. Gratton first raised these allegations in his second request for bail pending appeal and request to convene a grand jury, which was filed while this appeal was pending. The district court denied Gratton's motion for lack of jurisdiction. . . . Gratton cannot show any error because nothing in the record supports his allegations.
>
> In his reply brief, Gratton asserts that his allegations of prosecutorial misconduct need no support in the record and that the government should be required to interview the people who were in the courtroom and present affidavits from them to dispute his allegations. But Gratton bears the burden to demonstrate that an error occurred in the district court. Gratton further contends that the Assistant United States Attorney who wrote the brief on behalf of the government is acting under a

conflict of interest and conspiring to obstruct justice. Gratton's arguments are baseless.

Case 3:18-cv-00554, Doc. No. 11, Attach. 1.

On June 14, 2018, the plaintiff filed a pro se Petition for Writ of Mandamus under 28 U.S.C. § 1361, in which he made similar arguments as those raised on appeal and in the present case. *See Gratton v. Cochran*, Case No. 3:18-cv-00554 (M.D. Tenn.). The respondent filed a motion to dismiss (*Id.*, Doc. No. 9), which the court granted, referencing the Sixth Circuit's decision. (*Id.*, Doc. No. 26).

## II.  PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), regardless of whether the prisoner-plaintiff paid the civil filing fee, the court must dismiss any portion of a civil complaint filed that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Although Gratton paid the filing fee and summons was issued on April 12, 2019 (Doc. No. 4), the court retains authority under 28 U.S.C. § 1915(e)(2) to dismiss this case at any time if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted.

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us

to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.     Screening Under § 1915(e)(2)(B)(i) & (ii)

The plaintiff labeled his complaint as a complaint filed under RICO (Doc. No. 1 at 1) but the complaint does not explain how the defendants allegedly violated RICO. Instead, the complaint states that "[a] Sixth Circuit Court of Appeals holding summarizes Plaintiff's legal claims better than Plaintiff could," and cites a long block quote from a 1994 Sixth Circuit Court of Appeals decision. (Doc. No. 1 at 3-4). In the absence of argument by the plaintiff, the court assumes that he is proceeding under Section 1964(c), RICO's provision authorizing civil suits for a violation of 18 U.S.C. § 1962. The provision provides, in pertinent part, that:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court
> . . . .

18 U.S.C. § 1964(c). To establish a violation of Section 1962, a plaintiff must show: "(1) that there were two or more predicate offenses; (2) that an 'enterprise' existed; (3) that there was a nexus between the pattern of racketeering activity and the enterprise; and (4) that an injury to business or property occurred as a result of the above three factors." *VanDenBroeck v. Common Point Mortg. Co.*, 210 F.3d 696, 699 (6th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).

#### A.     Underlying Predicate Offenses

Although the complaint alleges that the defendants "committed a series of felonies to insure" the plaintiff's conviction and that the actions of individuals other than the defendants "amount[ed] to witness tampering, which is a federal crime under 18 U.S.C. § 1512 and are predicate acts under R.I.C.O," the Sixth Circuit Court of Appeals already has determined that these

4

allegations are "baseless." Case 3:18-cv-00554, Doc. No. 11, Attach. 1. As such, they cannot serve as the underlying predicate offenses for the plaintiff's RICO claim.

In addition, the plaintiff's allegations that "it is obvious that Defendant Cochran is hiding evidence from the federal grand jury in order to 'cover up' the crimes of Defendant Schrader" and that "Plaintiff is further informed and believes that Defendant Schrader was disciplined for other prosecutorial misconducts in Washington, D.C. and, as a result, was 'shipped off' to the 'back waters' of the Middle District of Tennessee" are factually and legally insufficient to allege underlying predicate offenses for the plaintiff's RICO claim. (Doc. No. 1 at 3). The complaint therefore fails to plead facts which would form the basis of the first element of a RICO cause of action.

### B.     Existence of an Enterprise

Next, the complaint does not plead the existence of an enterprise between the defendants, the second element of a RICO cause of action. An "enterprise" can be proven by showing (1) that a group of persons formed an ongoing organization; (2) that they functioned as a continuing unit; and (3) that the organization was separate from the pattern of racketeering activity in which it engaged. *Ouwinga v. Benistar 419 Plan Servs., Inc.,* 694 F.3d 783, 793 (6th Cir. 2012). The complaint contains no factual allegations from which the court can conclude that the defendants formed any type of association which functioned as a continuing unit. Without the existence of an enterprise, the complaint cannot show that there was a nexus between the pattern of racketeering activity and the enterprise. *VanDenBroeck*, 210 F.3d 696, 699.

### C. Damages Resulting from a Pattern of Racketeering Activity

Furthermore, the complaint does not contain any factual allegations of any damages suffered by the plaintiff as a result of a pattern of racketeering activity. To the extent that the complaint alleges that Gratton was wrongfully convicted as a result of a pattern of racketeering activity, the plaintiff cannot use this action as an alternative to his unsuccessful appeal of his sentence and conviction or as an alternative to his unsuccessful attempt to obtain a writ of mandamus. Accordingly, the complaint fails to state a RICO claim.

Finally, to the extent the plaintiff's claims arise under federal criminal statutes, such as obstruction of justice and witness tampering (*see* Doc. No. 1 at 1), there is no private right of action available to Gratton. Absent a private right of action, a plaintiff cannot recover civilly for violation of a criminal statute. *See Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("Violations of these [mail and wire fraud] sections of the federal criminal code do not give rise to independent causes of action."); *Collins v. Mortg. Elec. Registration Sys.*, No. 3:11–cv–00264, 2012 WL 610191, at *7 (M.D. Tenn. Feb. 24, 2012) (dismissing plaintiff's claims for criminal forgery and criminal grading of theft offenses in civil action), *report and recommendation adopted*, 2012 WL 848041 (M.D. Tenn. Mar. 12, 2012); *see also Hopson v. Shakes*, No. 3:12CV–722–M, 2013 WL 1703862, at *2 (W.D.K y. Apr. 19, 2013) (holding that federal extortion statute "is a criminal statute, and federal courts have consistently found that the Hobbs Act does not support a private cause of action")( internal quotation marks omitted). In addition, an individual cannot file criminal charges. Therefore, the plaintiff's claims for violations of these criminal statutes must be dismissed for failure to state a claim.

**III.    Conclusion**

For the reasons explained above, the court finds that the complaint fails to state claims upon which relief can be granted against all defendants.  Therefore, this action will be dismissed. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
UNITED STATES DISTRICT JUDGE